

**THE CITY OF NEW YORK**

| | **LAW DEPARTMENT** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** | 100 CHURCH STREET | JONATHAN ROSEN |
| *Corporation Counsel* | NEW YORK, NY 10007 | Labor and Employment Law Division |
| | | Phone: (212) 356-2533 |
| | | Email: jorosen@law.nyc.gov |

February 2, 2024

<u>Via ECF</u>
Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Paul McCartney, Craig Collopy, Jean Pierre Sylvestre, Joseph Trancho, and Christopher Eckert v. City of New York, Eric Adams, David Chokshi</u>
          No. 23-CV-8232 (NRM)(JAM)

Dear Judge Morrison:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for the defendants City of New York, Eric Adams, and David Chokski in the above-referenced matter. In accord with Your Honor's Individual Rule 5.1.2, I write to respectfully request a pre-motion conference to discuss Defendants' proposed motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

      Plaintiffs are former NYPD members of the bomb squad and Emergency Service Unit ("ESU"), alleging termination or forceable retirement between May and October, 2022 for failing to comply with the COVID-19 vaccine mandate applicable to City employees. <u>See</u> Compl. at 3, ¶¶11-15. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging violations of the Equal Protection clauses of the United States Constitution and New York State Constitution, as well as violations of the Due Process clause of the United States Constitution, and the Fifth Amendment Takings Clause.

      Defendants respectfully submit that dismissal is warranted in this matter based on the grounds set forth below.

**A.     Plaintiffs Do Not Plausibly Allege Any Constitutional Violations**

Plaintiffs do not state any plausible claim that their constitutional rights were violated. First, Plaintiffs do not have a private right of action under the New York State Constitution because no private right of action exists where a plaintiff has an alternative remedy under § 1983 for alleged violations of parallel provisions of the United States Constitution. See Josie v. City of New York, No. 21-CV-2486 (ARR) (RER), 2023 U.S. Dist. LEXIS 95687, at *53-54 (E.D.N.Y. Jun. 1, 2023) (citing Buari v. City of New York, 530 F. Supp. 3d 356, 408-409 (S.D.N.Y. 2021)). Because Plaintiffs assert identical claims under the New York State Constitution that they assert pursuant to § 1983, their claims brought under the New York State Constitution must be dismissed.

To the extent that Plaintiffs are challenging the vaccine mandate itself, the Second Circuit already found that it is constitutional. See, e.g., Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021).[1]

To allege a claim of selective enforcement in violation of the equal protection clause, a complaint must plead facts that establish (1) the plaintiff was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Picinich v. N.Y.C. Dep't of Educ., No. 16-CV-844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959, *6 (E.D.N.Y. July 11, 2018) (quoting Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995)). Here, the complaint alleges that Plaintiffs are similarly situated to "every other unvaccinated human being living and working in New York City". See Compl. ¶ 154. Plaintiffs fail to identify a single similarly situated comparator or plead a single fact to show that they were treated differently than any other similarly-situated individual whose employment with the City of New York was not terminated. See, generally, Compl. The complaint further fails to allege, let alone establish, that Plaintiffs were terminated *because of* their religious beliefs or for any other impermissible reason. See, generally, Compl. Rather, Plaintiffs' complaint accuses Defendants of merely complying with a lawful vaccine mandate. See Compl. ¶ 223. Therefore, Plaintiffs' selective enforcement claims fail. See Picinich, 2018 U.S. Dist. LEXIS 122959, at *7; see also Reale v. Haskell, No. 3:21-CV-1349 (AWT), 2022 U.S. Dist. LEXIS 139443, *13-*14 (D. Conn. Aug. 5, 2022).

To state a substantive due process claim a plaintiff must plead that a constitutional right is at stake and that "the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience". Kane v. De Blasio, 623 F. Supp. 3d 339, 359-60 (S.D.N.Y. 2022). Plaintiffs allege that the vaccine mandate "interfered with Plaintiffs' fundamental right to control their cellular biology". See Compl. ¶ 228. Plaintiffs' allegation fail to plausibly state a claim under this standard because Plaintiffs are not barred from pursuing similar opportunities in other jurisdictions and because the vaccine mandate was reasonably related to curtailing a public health crisis. See Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 38-40 (E.D.N.Y. 2021) (denying substantive due process challenge to COVID-19 vaccine mandate applicable to City employees); see also Kane, 623 F. Supp. 3d 339 at 359-61; Marciano

---

[1] The vaccine mandate applicable to City workers was lifted on February 9, 2023. See Order of the Board of Health to Amend the Requirement for COVID-19 Vaccination for City Employees and Employees of Certain City Contractors ("Resolution"), dated February 9, 2023, https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf

v. De Blasio, 589 F. Supp. 3d 423, 434-35 (S.D.N.Y. 2022); Andre-Rodney v. Hochul, 618 F. Supp. 3d 72, 81-84 (N.D.N.Y. 2022).

Importantly, all of these arguments were recently made by Plaintiffs' attorney in a very similar case before the Eastern District of New York, Daniel Chavez v. City of New York, 23-cv-07754(BMC)(E.D.N.Y.). See the Chavez Order, dated January 8, 2024 annexed hereto as Defendants' **Exhibit A**. In Chavez, a former New York City Department of Corrections Assistant Commissioner sued the City for termination over his failure to comply with the vaccine mandate. Id. The Honorable Brian Cogan initially granted Defendants' motion to dismiss as to the due process claims, but denied Defendants' motion to dismiss as to selective enforcement and failure to accommodate. Id. at 2, 3. However, following a motion to reconsider, Judge Cogan issued an Order on January 08, 2024, dismissing the selective enforcement claims as well. Id. Just like in the Chavez case, this Court should follow precedent and dismiss Plaintiffs' strikingly similar due process and selective enforcement claims.

Finally, Plaintiffs make a creative argument that the vaccine mandate violated their Fifth Amendment rights through the Takings Clause. This argument, too, should fail. As an initial matter, the Takings Clause was intended to protect property interests and states that no "private property [shall] be taken for public use, without just compensation[.]" U.S. Const. Amend. V. These takings can be categorized as physical takings, or regulatory takings. Here, presumably, Plaintiffs are alleging a regulatory taking.

> "When the government takes possession of property, or an interest in property, for a public purpose, it has "a categorical duty to compensate the former owner." Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agy., 535 U.S. 302, 322, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002). Takings may be physical or regulatory—that is, the government may physically occupy or take possession of property, see, e.g., Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 102 S. Ct. 3164, 73 L. Ed. 2d 868 (1982), or the government may pass regulations that interfere with property owners' beneficial use of their property."

Everest Foods, Inc. v. Cuomo, 585 F. Supp. 3d 425, 442-444 (S.D.N.Y. Feb. 7, 2022)(where the court granted defendant's motion to dismiss plaintiff food companies' Takings Clause argument against Governor Cuomo's executive orders and Bill DeBlasio's emergency executive orders regarding dining during the COVID-19 pandemic); see also Daniel v. N.Y. State Dep't of Health, No. CV 21-4097 (DG)(AYS), 2022 U.S. Dist. LEXIS 155479, at *38 (E.D.N.Y. Aug. 27, 2022)("If the regulation does not deny all economically beneficial use of the land, courts are instructed to weigh factors including "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action."). Since it appears to be a somewhat novel use of the Takings Clause to challenge the vaccine regulation in terms of a Taking a property right in a job, the traditional three factor test does not seem very well-suited to this analysis. Even so, some prongs may be given more weight than others. Interestingly, the Everest court found that the third factor was most compelling for them. "Finally, and most importantly, as to the third factor, the restrictions at issue were purely negative and involved no

physical invasion or appropriation of Plaintiffs' property." Everest Foods, Inc. v. Cuomo, 585 F. Supp. 3d 425, 444 (S.D.N.Y. 2022),  Perhaps most importantly, the Everest court highlighted that "[c]ourts have also repeatedly recognized that a public program that 'adjusts the benefits and burdens of economic life to promote the common good' is uncharacteristic of a regulatory taking." Id.  Since here enforcement of the vaccine mandate was taken in the interest of promoting the common good, and the mandate was purely a negative act, it too should be considered 'uncharacteristic of a regulatory taking.' Plaintiffs' Takings claim should therefore also be dismissed.

In fact, upon closer inspection, Plaintiffs' Takings argument is a procedural Due Process claim insofar that Plaintiffs claim that Defendants terminated  their jobs without due process.  It is true that a tenured employee may have a property interest in their job.  See Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996); DeMichele v. Greenburgh Cent. Sch. Dist. No. 7, 167 F.3d 784, 789 (2d Cir. 1999).  However, Plaintiffs were given adequate notice through the Mayor's Executive Orders ("EOs"), and had the option to pursue either a Citywide panel or Article 78 proceeding following said notice to adjudicate their claims.  "Plaintiffs' failure to pursue an Article 78 proceeding does not obviate the that it is a wholly adequate  post-deprivation remedy in that it allows a plaintiff to present evidences and have a trial over disputes issues including constitutional claims." See Locurto v. Safir,  264 F.3d 154,175 (2d Cir. 2001).  "A civil rights action, however, 'is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious.'" Herlihy v. City of New York, 654 F App'x 40, 43 (2d Cir 2016).

Thus, Defendants respectfully request that the Court schedule a pre-motion conference to discuss the anticipated motion to dismiss the Complaint.  Furthermore, as the undersigned is soon leaving the City Law Department, it is requested that any conference be scheduled after March 1, 2024 to give the City time to reassign the case.  Thank you for your consideration of this request.

    Respectfully submitted,

    /s/ *Jonathan D. Rosen*
    Jonathan D. Rosen
    Assistant Corporation Counsel

cc:    Chad J. LaVeglia, Esq. (By ECF)
    Law Office of Chad J. LaVeglia PLLC
    Attorney for Plaintiff
    626 RxR Plaza, Suite #613
    Uniondale, NY 11556
    (631) 450-2468
    clavelia@cjllaw.org