```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DANIEL CHAVEZ,                                              :
                                                            :
                                Plaintiff,                  :   ORDER ON DEFENDANT'S
                                                            :   MOTION FOR
             -against-                                      :   RECONSIDERATION
                                                            :
CITY OF NEW YORK, et al.,                                   :   23-cv-07754 (BMC)
                                                            :
                                Defendants.                 :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is defendants' motion for reconsideration from the denial of their motion to dismiss plaintiff's Section 1983 selective enforcement claim.

With respect to the first element of a selective enforcement claim, plaintiff must plead facts tending to show that he is similarly situated to a specific individual or group of individuals (i.e., comparators). He must then plead facts tending to show that he was treated differently than that specific similarly-situated person or group. See Hu v. City of New York, 927 F.3d 81, 96 (2d Cir. 2019); Williams v. City of New York, 14-cv-2191, 2016 WL 9022589, at *7 (E.D.N.Y. March 24, 2016).

Plaintiff has not done so here. He claims that he is similarly situated to "every other human being living in New York City because the [v]irus infects all human beings." Vague reference to the millions of people living in the City is not the same as identifying a specific person or group of people as to whom plaintiff is similarly situated. And because plaintiff has not pled that he is similarly situated to any person or group of persons, he cannot plead facts suggesting that he was treated differently than anybody.

With respect to the second element of a selective enforcement claim, plaintiff does not attempt to plead facts tending to show that defendants' alleged selective treatment was intended to discriminate based on impermissible considerations (such as race or religion), to inhibit the exercise of constitutional rights, or to maliciously injure. Plaintiff only argues that defendants' vaccine mandate, which included City workers but excluded professional athletes and performers, was motivated by economic concerns. His failure to link the City's economic concerns to the legal standard is enough for the Court to find that he has not pled facts to support the second element of his claim.

Moreover, it is not inappropriate for the City to consider economic factors in its policy decisions, including health policy decisions. See RHC Operating LLC v. City of New York, No. 21-cv-9322, 2022 WL 951168, at *12-13 (S.D.N.Y. March 30, 2022) (upholding City law treating hotels differently than other businesses during COVID-19 pandemic as rational because it was geared to "facilitat[e] [hotels'] economic recovery"). Indeed, the City need only show that the mandate is rationally related to a legitimate government purpose. See Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 33, 41 (E.D.N.Y. Sept. 23, 2021). It was rational for the City to exclude professional athletes and performers from the vaccine mandate, a decision intended to facilitate the City's economic recovery in the wake of the pandemic. See New York City Municipal Labor Comm., 199 N.Y.S. 3d 67, 68; 2023 WL 8459158 (2023). Plaintiff therefore has not pled facts to support the second element of his selective enforcement claim.

The Court may grant a motion for reconsideration when its original conclusion did not take into account controlling authority that might reasonably be expected to alter that conclusion. See Local Rule 6.3; Norton v. Town of Islip, No. 04-cv-3079, 2013 WL 84896, at *5-6 (E.D.N.Y. Jan. 7, 2013). In its initial ruling on defendants' motion to dismiss, the Court did not

2

consider that plaintiff's selective enforcement claim must plead facts suggesting that he is similarly situated to a particular person or group of persons. Therefore, defendants' motion [11] is granted and plaintiff's Section 1983 selective enforcement claim is dismissed. The case will proceed on plaintiff's remaining claim under Title VII.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, N.Y.
January 8, 2024

3