

YODER LAVEGLIA LLP.

2001 L St NW, Suite 500
Washington, D.C. 20036
☎ (202) 875-2799

626 RxR Plaza, Suite 613
Uniondale, NY 11566

MICHAEL A. YODER, ESQ.                        CHAD J. LAVEGLIA, ESQ.
myoder@yoderlaveglia.com                      claveglia@yoderlaveglia.com

Via ECF
Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        <u>McCartney et al., v. City of New York et al., No: 23-cv-8232 (NRM) (JAM)</u>
        **Plaintiffs' letter in opposition to Defendants' anticipated motion to dismiss.**

Dear Judge Morrison:

    Plaintiffs submit this letter in opposition to Defendants' letter motion to dismiss the complaint.

    Initially, Plaintiffs' claims under the State Constitution are viable because 42 U.S.C. §1983 precludes municipal liability under a theory of vicarious liability or *respondeat superior*. *See* <u>Alwan v. City of New York,</u> 311 F.Supp.3d 570, 587 [E.D.N.Y. 2018] (finding that §1983 does not "authorize respondeat-superior liability" and is not an adequate remedy for state constitutional claims relying on a theory of vicarious liability). Thus, §1983 does not provide an adequate, alternative remedy to the extent that the City of New York may be vicariously liable *see* <u>Buari v. City of New York,</u> 530 F.Supp.3d 356, 409 [S.D.N.Y. 2021] (holding that the plaintiff's state constitutional due process claim survived a motion to dismiss insofar as the City might be liable under the doctrine of *respondeat superior*).

I.    **Plaintiffs' Plausibly Plead Violations of the Equal Protection Clause.**

    At the pleading stage, Plaintiff  must set forth facts that plausibly show "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." <u>Jeanty v. Sciortino,</u> 669 F.Supp.3d 96, 115 [N.D.N.Y. 2023]. The first prong is met where the plaintiff plausibly pleads that the plaintiff bears a reasonably close resemblance to others similarly situated. *See* <u>Graham v. Long Island R.R.,</u> 230 F.3d

34, 40 [2d Cir. 2000] (stating that the similarity standard is met by plausibly alleging facts showing a "reasonably close resemblance" between the plaintiff and comparators). In the context of a public health outbreak of disease, every human being exposed to the disease or able to transmit it is similarly situated. *See* Jacobson v. Massachusetts, 197 U. S. 11 [1905] (determining constitutionality of health order requiring **all citizens** in Cambridge Massachusetts to get vaccinated against smallpox where there was an outbreak of smallpox in Cambridge Massachusetts) (emphasis added); C.F. v. New York City Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 277 [2d Dept. 2020] (affirming lawfulness of health commissioner's order compelling vaccination against measles **for everyone** living within a four-zip code radius where there was an outbreak of measles within that radius) (emphasis added).

Here, unvaccinated Plaintiffs are similarly situated to every other unvaccinated person living or working in New York City because there was an outbreak of COVID-19 in every part of New York City (Dkt No. 1, ¶29). Plaintiffs were equally susceptible to transmitting COVID-19 as any other person in the City, since it was present everywhere people gathered in the City (Dkt No. 1, ¶ 31). *Accord* Immaculate Heart Central School v. The New York State High School Athletic Association, 797 F.Supp.2d 204 [N.D.N.Y. 2011] (finding private school students similarly situated to private school students in the same geographical area). Hence, COVID-19 was not isolated to the workplace *see* NFIB v. OSHA, 595 U.S. 109 [2022]. Defendants cannot claim that unvaccinated Plaintiffs are not similarly situated to every other unvaccinated person living and working in the City without eviscerating its basis for compelling Plaintiffs to be vaccinated in the first place (Dkt No. 1, ¶66).

Plaintiffs plausibly plead the second prong since Defendants Adams and Chokshi's mandate that Plaintiffs be vaccinated against COVID-19 was motivated by impermissible considerations such as malice or a bad faith intent to injure. Defendants told the public that the vaccine was safe and effective even though that was not true (Dkt No. 1, ¶¶ 33-34). By the fall of 2021, COVID-19 was not a vaccine preventable disease (*id.* at ¶39). The vaccine did not stop transmission of the disease. It had mutated too many times. Yet, Defendants mandated vaccination anyway knowing that there was a risk of adverse side effects, it did not stop the transmission of COVID-19, and Plaintiffs' careers would be destroyed for not complying (Dkt No.1, ¶180). Even worse, Defendants bad faith is exacerbated by Eric Adams' exclusion of professional athletes and performers from within the mandate's reach (Dkt No. 1, ¶107) as well as his decision to only enforce it against Plaintiffs (Dkt No. 1, ¶ 53). The complaint sets out multiple facts to infer separate, distinct, impermissible considerations (*see e.g.* Dkt No. 1, ¶¶ 166-223).

In addition, Daniel Chavez v. City of New York is not dispositive. 23-cv-07754 [E.D.N.Y. 2023] (BMC). First, Mr. Chavez appealed Judge Cogan's order reversing himself on Chavez's selective enforcement claim (**Exhibit 1**). Second, while the arguments share similarities, the facts are different. Third, Judge Cogan's decision

is not precedential. Fourth, the court made several errors of law and fact which the United States Court of Appeals for the Second Circuit will ultimately decide.

## II.   Plaintiffs' Plausibly Plead Violations of the Substantive Due Process Clause.

The doctrine of substantive due process protects against government conduct that deprives people of protected rights and truly "shocks the conscience" of the court, County of Sacramento v. Lewis, 523 U.S. 833, 834, [1998]. Personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education are afforded constitutional protection. Carey v. Population Services International,. 431 U.S. 678 [1977]. It therefore follows that Plaintiffs have a fundamental life, liberty, and property interest in decisions related to the cells within their body responsible for creating the building blocks of life itself (Dkt No. 1, ¶¶ 54-65). Surely, at the pleading stage, it is plausible that requiring Plaintiffs' to be injected with a novel technology that, would alter their cellular biology, could have caused permanent side effects, and did not even achieve the objective it was created for, shocks the conscious *id*. If Plaintiffs do not have a fundamental right in personal decisions relating to the cells that make life itself then Dobbs v Jackson Women's Health Org., 597 US 215, [2022] is the beginning of the end for other fundamental, protected rights enumerated by the Supreme Court within the last century.

## III.   Plaintiffs' Plausibly Plead Violations of the Takings Clause.

Plaintiffs' have a protected property interest in their pensions. King v New York City Employees Retirement Sys., 212 F.Supp.3d 371, 403 [E.D.N.Y. 2016]. Plaintiffs also have a constitutionally protected property interest in their careers. Walker v. City of Waterbury, 361 F.Appx 163, 165 [2d Cir. 2010]. The government must pay just compensation under the Fifth Amendment when a regulation completely deprives an owner of "all economically beneficial use of her property." Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015, [1992]. In this case, Defendants' deprived Plaintiffs of the full economic benefit of their pensions without providing just compensation (Dkt No. 1, ¶¶ 125-137). Moreover, the defendants took away Plaintiffs full pension and careers to protect the public health during an outbreak of disease. Hence, the government forced Plaintiffs to shoulder the entire burden which, in all fairness, should have been spread across the public. *See* Lingle v Chevron U.S.A. Inc., 544 US 528, 542-43, [2005] (stating that "[t]he Takings Clause is meant to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole"). Accordingly, Defendants' deprived Plaintiffs of the full economic benefit of their pensions without just compensation.

Dated:     March 14, 2024
           Uniondale, New York

                                              Respectfully Submitted,


                                              YODER LAVEGLIA LLP
                                              Chad J. LaVeglia Esq.,
                                              626 RxR Plaza, Suite #613
                                              Uniondale, New York 11556
                                              (202) 875-2799


CC:     VIA ECF
        Traci Krasne Esq.,
        Assistant Corporation Counsel
        of the City of New York
        Attorney for Defendants
        100 Church Street, Room 2-171
        New York, New York 10007
        (212) 356-2451
        trkrasne@law.nyc.gov

EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DANIEL CHAVEZ

                              Plaintiff,


        -against-


CITY OF NEW YORK, ERIC ADAMS,
DAVID CHOKSHI

                              Defendants

Case no: 1:23-cv-7754 (BMC)

**NOTICE OF APPEAL**


PLEASE TAKE NOTICE that the plaintiff in the above-named case appeals to the United States Court of Appeals for the Second Circuit from the Order on Defendant's motion for reconsideration entered on January 08, 2024, dismissing Plaintiff's selective enforcement claim under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983..

Dated: January 17, 2024
        Uniondale, New York

Respectfully Submitted,

CHAD J. LAVEGLIA ESQ.,
LAW OFFICE OF CHAD J LAVEGLIA PLLC
626 RxR Plaza, Suite #613
Uniondale, NY 11556
(631) 450-2468
claveglia@cjllaw.org